IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS JOHN HEILMAN,

    Plaintiff,        No. 2:09-cv-2721 KJN P

  vs.

T. LYONS, et al.,

    Defendants.       <u>ORDER</u>

_____/

        Plaintiff seeks an order authorizing service of a subpoenas duces tecum by the U.S. Marshal upon the California Department of Corrections and Rehabilitation ("CDCR") at the California Medical Facility ("CMF"). Defendants are represented by private counsel, not by the Office of the Attorney General.

        Pursuant to Federal Rule of Civil Procedure 45(a)(2)(c), a subpoena may direct a non-party to an action to produce documents or other tangible objects for inspection. Because plaintiff is proceeding in forma pauperis, he is generally entitled to obtain service of a subpoena duces tecum by the United States Marshal. 28 U.S.C.1915(d); (Service of subpoenas must be made by personal service or the subpoena is null and void. Fed. R. Civ. P. 45(c); <u>Gillam v. A. Shyman, Inc.</u>, 22 F.R.D. 475 (D. Alaska 1958).) However, the issuance of a subpoena duces tecum, particularly by the U.S. Marshal, is subject to limitations.

1

This case proceeds on plaintiff's original complaint against three employees of the CDCR, while working at CMF, based on allegations that defendants were deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment, while plaintiff was housed in administrative segregation at CMF in 2007. Plaintiff also alleges defendants failed to adhere to the Remedial Heat Plan established under Coleman v. Wilson, 912 F.Supp. 1282 (9th Cir. 1995).

Proper reliance on a subpoena duces tecum is limited by the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense"), and considerations of burden and expense set forth in Federal Rules of Civil Procedure 26(b)(2)[1] and 45(c)(1). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (requiring indigent plaintiff to demonstrate that he had "made provision for the costs of such discovery"), citing Cantaline v. Raymark Industries, Inc., 103 F.R.D. 447, 450 (S.D. Fla. 1984); see also United States v. Columbia Broadcasting System, Inc., 666 F.2d 364 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party). Non-parties are "entitled to have the benefit of this Court's vigilance" in

---

[1] See, e.g., Fed. R. Civ. P. 26(b)(2)(c), which requires that the court, "[o]n motion or on its own . . . must limit the frequency or extent of discovery otherwise allowed . . . if it determines that:

    (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

    (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

    (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

1  considering these factors.  Badman, 139 F.R.D. at 605.  In addition, this court has generally
2  required that a motion for issuance of a subpoena duces tecum be supported by:  (1) clear
3  identification of the documents sought and from whom, and (2) a showing that the records are
4  obtainable only through the identified third party.  See, e.g., Davis v. Ramen, 2010 WL 1948560,
5  *1 (E.D. Cal. 2010); Williams v. Adams, 2010 WL 148703, *1 (E.D. Cal. 2010).
6           In requests 1 & 3, plaintiff seeks a copy of the investigation of plaintiff's 602
7  appeal, Log No. CMF-07-M-2502, including all reports and interviews with defendants and
8  witnesses, and a copy of his CDC Form 114-A Detention Segregation Record for June and July,
9  2007.  Plaintiff may obtain copies of the decisions in the appeal from his prison central file;
10 however, it is not clear that copies of appeal reports and interviews, or CDC Forms 114-A, are
11 routinely filed in prisoner's central files.  Plaintiff was required to exhaust these administrative
12 remedies prior to filing the instant action and they are integral to the instant action.  The Form
13 114-A record is also relevant to plaintiff's claims.  Accordingly, plaintiff's requests 1 & 3 are
14 granted.
15         Plaintiff's requests 2, 4, 5, 9, 10 and 16 are relevant to plaintiff's claims, are
16 narrowly tailored to the dates of the events alleged herein, and are routinely maintained by CDCR
17 personnel.  Plaintiff may seek these documents by subpoena duces tecum.  With regard to request
18 5, plaintiff shall clarify that the medical logs must pertain to his own medical treatment; if the
19 logs contain other patients' information, that information may be redacted.
20         In requests 6, 7, 8, 11, 14, and 15, plaintiff requests information, i.e. names,
21 positions, etc., that is not in the form of an identified document.  As noted above, a subpoena
22 duces tecum is a discovery tool used for the production of documents or other tangible objects
23 for inspection.  Fed. R. Civ. P. 45(a)(2)(c).  If plaintiff wishes to obtain specific information, he
24 must seek that information through other discovery methods, for example, interrogatories to a
25 party. Fed. R. Civ. P. 33.  Therefore, plaintiff's requests 6, 7, 8, 11, 14, and 15 are denied.
26 ////

In request 12, plaintiff seeks a copy of all inmate complaints filed against defendants during their employment as custody staff or medical staff with the CDCR. This request is overbroad as to context and time frame and is denied.

Finally, in request 13, plaintiff seeks all psychological assessments of plaintiff's mental health included in the case review and classification committee review resulting in his administrative segregation placement during the dates of June and July 2007. Plaintiff is advised that the CDCR has procedures in place to allow inmates to view and obtain copies of their medical and mental health files. Plaintiff may be required to sign a waiver to access his mental health file. Because plaintiff may obtain access to this information through the institution in which he is presently housed, request 13 is denied.

In light of the above, the Clerk of the Court is directed to send plaintiff a subpoena duces tecum form. Plaintiff shall complete the subpoena duces tecum form, taking care to request only those documents permitted under this order. Plaintiff shall return the subpoena duces tecum form to the court. The court will then transmit the subpoena duces tecum form to the U.S. Marshal for service on the Litigation Coordinator for CMF, and the Clerk of the Court will be directed to send a copy to Jennifer Neil, Supervising Deputy Attorney General.

Rule 45(c)(2) of the Federal Rules of Civil Procedure provides that a subpoena duces tecum commands the recipient of a subpoena produce materials or permit inspection. (Id.) Plaintiff is advised that he may be provided access to review documents but that if he wishes to have copies of the documents, he may be required to photocopy them at his own expense.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for a subpoena duces tecum (dkt. no. 18) is denied in part and granted in part, as detailed above.

2. The Clerk of Court is directed to send plaintiff a subpoena duces tecum form.

////

////

1          3.  Within thirty days from the date of this order, plaintiff shall complete the

2  attached Notice of Submission of Documents form and the subpoena duces tecum form, as

3  limited above, and return it to the court.

4  DATED:  December 10, 2010

                                            KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE

heil2721.sdt

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS JOHN HEILMAN,

      Plaintiff,        No. 2:09-cv-2721 KJN P

  vs.

T. LYONS, et al.,

      Defendants.        <u>NOTICE OF SUBMISSION</u>

_____/       OF DOCUMENTS

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____.

      One      completed subpoena duces tecum form, as limited by the court's order

DATED:

                                                Plaintiff