1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   THOMAS JOHN HEILMAN,

11              Plaintiff,                          No. 2:09-cv-2721 KJN P

12        vs.

13   T. LYONS, et al.,

14              Defendants.                         ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding without counsel and in forma pauperis with

17   a civil rights complaint pursuant to 42 U.S.C. § 1983.  On December 15, 2010, plaintiff filed a

18   motion for an expert witness from the FBI to conduct a polygraph exam on plaintiff and to

19   provide compensation pursuant to Rule 706 of the Federal Rules of Evidence.  Plaintiff claims he

20   needs a polygraph to prove the allegations contained in his CDC Form 602 appeal and the instant

21   complaint.

22          Plaintiff is advised that 28 U.S.C. §1915, the in forma pauperis statute, does not

23   authorize the expenditure of funds to gather evidence in support of one party's case.  Plaintiff's

24   credibility will be properly assessed by the jury.  Plaintiff's motion is denied.

25          On December 30, 2010, defendants filed a request for extension of time to

26   respond to plaintiff's first set of interrogatories and first request for admissions.  Due to the

holidays, defendants' vacation schedules, and the transfer of one of the defendants to a different facility, defendants seek an extension to February 4, 2011.  Good cause appearing, defendants' request is granted.

Finally, on December 29, 2010, plaintiff filed a motion requesting that the undersigned reconsider the December 13, 2010 order denying plaintiff's requests numbered 12 and 14 in his motion for subpoena.  The court will construe this request as a request to renew plaintiff's motion to subpoena requests 12 and 14, and will address these requests in order.

In request 12, plaintiff sought a copy of all inmate complaints filed against defendants during their employment as custody staff or medical staff with the California Department of Corrections and Rehabilitation ("CDCR").  This court found plaintiff's request was overbroad as to context and time frame and denied the request.  In the current request, plaintiff states that his complaint alleges deliberate indifference to his serious medical needs and failure of defendants to summon emergency medical aid while housed in administrative segregation ("ad seg").  Plaintiff contends he seeks to subpoena

> specific information of inmate appeals/grievances against
> defendants Lyons, Esberto and Echeverria for "failure to provide
> adequate medical care," "deliberate indifference to inmates'
> serious medical needs," "failure to summon emergency medical
> aid," and/or failure to provide proper sanitation of the food at
> mealtimes/providing contaminated or tainted food," in ad seg.

(Dkt. No. 22 at 2.)  Plaintiff contends this information is relevant to plaintiff's claims.

The court's authorization of a subpoena duces tecum requested by an in forma pauperis plaintiff is subject to limitations.  Because personal service of a subpoena duces tecum is required, Fed. R. Civ. P. 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court."  Austin v. Winett, 2008 WL 5213414, *1 (E.D. Cal. 2008); 28 U.S.C. § 1915(d).  Limitations on subpoenas include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information.  Fed. R. Civ. P. 26, 45.  A motion for issuance of a

2

subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party.  See, e.g., Davis v. Ramen, 2010 WL 1948560, *1 (E.D. Cal. 2010); Williams v. Adams, 2010 WL 148703, *1 (E.D. Cal. 2010).  The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991); see also, United States v. Columbia Broadcasting System, Inc., 666 F.2d 364 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party).  Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors.  Badman, 139 F.R.D. at 605.

Applying these standards, the court will again deny plaintiff's request 12.[1]  The scope of Request 12 is overly broad, seeking information unlimited in time or scope.  These defendants may have been employed at several institutions for many years.  Plaintiff has not revised his requests to narrow the nature of his requests or the time frame involved.  Aside from simply stating these requests are relevant to his claims, plaintiff has made no effort to demonstrate how these requests are relevant to a particular claim.  It would be prejudicial to require the CDCR, a nonparty to this litigation, to ferret through myriad grievances that may or may not be remotely relevant to this action.  In addition, disclosure of these grievances may violate other inmates' privacy rights.

Moreover, plaintiff is advised that in order to demonstrate an Eighth Amendment

---

[1] In support of his request, plaintiff states: "Plaintiff cites the Dept. of Corrections' complete reluctance to provide any discovery to this plaintiff without court intervention, and 'will not' provide this discovery to plaintiff under any circumstances without court order or subpoena." (Dkt. No. 22 at 2.)  First, plaintiff is reminded that most discovery requests are more appropriately posed to parties to the lawsuit, not the CDCR.  Unless the CDCR is a party to the litigation, the department is under no obligation to respond to plaintiff's requests.  Second, plaintiff must submit formal discovery requests, for example, interrogatories or requests for production of documents.  See Fed. R. Civ. P. 33 & 34.  If plaintiff disputes discovery responses provided, he may seek judicial intervention.  See October 28, 2010 Discovery and Scheduling Order.  Third, it is likely plaintiff could narrow his request by use of other discovery tools directed to parties to the instant litigation.

violation based on deficient medical treatment, a plaintiff must show:  (1) a serious medical need; and (2) a deliberately indifferent response by the defendant.  Conn v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009) (internal citation omitted).  Therefore, one of the critical prongs plaintiff must demonstrate is each defendant's individual response to plaintiff's serious medical needs, not a defendant's response to someone else's medical needs.

Therefore, plaintiff's "renewed" request for the issuance and service of a subpoenas duces tecum for request 12 is denied.

The court turns now to plaintiff's request 14.  Plaintiff's request 14 sought the name of the staff person responsible for allegedly attempting to transfer plaintiff.  Request 14 was denied because it was not in the form of an identified document and therefore was not properly the subject of a subpoena duces tecum.  In his current request, plaintiff claims the "name" of this staff person would "aid plaintiff's claim that specific staff and/or the defendants filed a 'bogus' transfer . . . as retaliation for plaintiff's filing of inmate/appeals/grievances." (Dkt. No. 22 at 3.)  Plaintiff states the "CDCR refuses to disclose the name of the requested staff member."  (Id.)

As noted in this court's previous order, a subpoena duces tecum is a discovery tool used for the production of specified documents or other tangible objects for inspection.  Fed. R. Civ. P. 45(a)(2)(c).  As noted in footnote one above, the CDCR is not required to respond to plaintiff's request for this name because the CDCR is not a party to this litigation.  If plaintiff wishes to obtain specific information, he must seek that information through other discovery methods, for example, interrogatories to one of the named defendants.  Fed. R. Civ. P. 33. Therefore, plaintiff's request for the issuance and service of a subpoena duces tecum for request 14 is also denied.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's December 15, 2010 motion (Dkt. no. 20) is denied.

2.  Defendants' December 30, 2010 motion for extension of time (Dkt. no. 21) is

granted.  Defendants shall respond to plaintiff's first set of interrogatories and first request for

admissions on or before February 4, 2011.

                    3.  Plaintiff's December 29, 2010 motion, construed as a renewed request for

subpoenas duces tecum, is denied.  (Dkt. No. 22.)

DATED:  January 10, 2011


_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

heil2721.mots