IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS J. HEILMAN,

     Plaintiff,                    No. 2:09-cv-2721 KJN P

     vs.

T. LYONS, et al.,                      ORDER

     Defendants.

_____/

        Plaintiff is a state prisoner proceeding without counsel. By order filed February 24, 2011, the discovery deadline was extended to May 11, 2011. (Dkt. No. 29.) The parties were cautioned that this court was not inclined to extend the discovery deadline any further. Various discovery motions are pending, which this court will address seriatim.

        1. <u>Motion to Compel Responses</u>

        On April 22, 2011, plaintiff filed a motion to compel nonparty California Department of Corrections and Rehabilitation ("CDCR") to respond to the subpoena duces tecum served on the CDCR at the California Medical Facility ("CMF") on March 24, 2011, based on the CDCR's complete failure to respond. (Dkt. No. 39.) However, on April 29, 2011, defendants filed a notice of compliance regarding the subpoena duces tecum. Accordingly, plaintiff's April 22, 2011 motion is denied.

### 2. Motion to Compel Further Responses

On May 3, 2011, plaintiff filed a motion to compel nonparty CDCR to provide additional documents in response to the subpoena duces tecum. (Dkt. No. 44.) Although the subpoena duces tecum was served on the CDCR at CMF, it appears CMF sent the responsive documents to counsel for defendants. Thereafter, counsel for defendants filed the notice of compliance as well as the response to the subpoena duces tecum. However, counsel for defendants did not respond to plaintiff's motion to compel. Accordingly, counsel for defendants is directed to file an opposition or statement of nonopposition to plaintiff's May 3, 2011 motion, as supplemented on May 11, 2011, and May 12, 2011,[1] within fourteen days from the date of this order.

### 3. Motion to Compel Further Answers to Interrogatories and for Sanctions

On April 26, 2011, plaintiff filed a motion to compel "more complete and accurate responses" to plaintiff's interrogatories. (Dkt. No. 40.) Defendants have filed an opposition; plaintiff has not filed a reply.

> An interrogatory is a written question propounded by one party to another who must answer under oath and in writing. These questions are limited to anything within the permissible scope of discovery, namely, any matter, not privileged, that is relevant to the claim or defense of any party.

Fed. R. Civ. P. 33, 26(b)(1). The responding party is to answer each interrogatory fully, to the extent that it is not objected to, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). Generally, the responding party does not need to conduct extensive research in answering the interrogatory; however, a reasonable effort to respond must be made. Williams v. Adams, 2009 WL 1220311 at *1 (E.D. Cal. May 4, 2009). In addition, the responding party has a duty to supplement any responses if the information sought is later

---

[1] Plaintiff is cautioned that the Local Rules do not provide for the "supplementation" of motions. Local Rule 230(*l*) provides for the filing of a motion, an opposition, and a reply. In the future, any filings that do not comply with the provisions of Local Rule 230(*l*) will be disregarded by the court.

obtained or the response provided needs correction.  Fed. R. Civ. P. 26(e)(A).

## A. Defendant Lyons

Plaintiff's motion to compel further answers to Interrogatory Nos. 1, 10, and 18 is denied. (Dkt. No. 40 at 3, 5, & 10.)  Plaintiff is advised that defendants cannot be compelled to provide answers they do not recall.  A close reading of defendant Lyons' responses to Nos. 14, 17 and 18 do not reveal a contradiction.

Plaintiff's motion to compel further answers to Interrogatory Nos. 2, 3, and 4 (dkt. no. 40 at 3-4) are denied in light of the answers and documentary evidence provided.  Moreover, defendants are under a continuing obligation to supplement discovery as appropriate.  Fed. R. Civ. P. 26(e).  Plaintiff is further advised that, as defendants noted, plaintiff's dissatisfaction with the answers provided is not a sufficient basis on which to seek a motion to compel further responses.  If plaintiff has evidence to impeach a defendant's response, he may do so at trial.

Plaintiff's motion to compel further answers to Interrogatory Nos. 5,[2] 11, 12, 13, 16, 17, 19, 20, 21, 22 and 24 is denied.  Because plaintiff phrased these interrogatories in a form that called for a "yes" or "no" answer, defendant Lyons is not obligated to provided additional answers.

Plaintiff's motion to compel a further answer to Interrogatory No. 7 is denied because it is based on plaintiff's assumption that defendant Lyons recalled that plaintiff summoned Lyons to plaintiff's cell, which defendant Lyons has stated she does not recall.

Defendant Lyons' objections to Interrogatory Nos. 14 and 15 are sustained. Despite objections, defendant Lyons provided responses.  In addition, No. 15 was compound. Therefore, no further answers are required.

Thus, plaintiff's motion to compel further answers to interrogatories propounded to defendant Lyons is denied.

---

[2] Interrogatory Nos. 6, 8, 9 and 23 were not included in plaintiff's motion to compel further responses from defendant Lyons. (Dkt. No. 40 at 5 & 12.)

B. Defendant Esberto

Plaintiff's motion to compel a further answer to Interrogatory No. 1 directed to defendant Esberto (dkt. no. 40 at 13) is denied. Plaintiff used the word "or," rather than the word "and;" therefore, defendant Esberto's answer that the normal shift was between 7:30 a.m. and 3:30 p.m. is sufficient.

In Interrogatory Nos. 2 and 3, plaintiff sought defendant Esberto's "routine" when assigned as RN for CMF's administrative segregation ("ad-seg") wing, and specifically asked defendant Esberto if part of the RN's duty or responsibility was to "inquire at each and every inmate's cell?" (Dkt. No. 40 at 13.) Defendant Esberto answered in general terms, but did not make clear whether ill inmates are removed from ad-seg to report to a location where Esberto was stationed to provide nursing services, or whether Esberto was required to travel to each cell in ad-seg to determine whether an inmate housed in ad-seg required nursing care, or whether inmates had to make their illness known to correctional officers who would then alert nursing staff. Therefore, plaintiff's motion to compel further answers to Interrogatory Nos. 2 and 3 is granted. Defendant Esberto shall provide an answer that describes a "routine" day when Esberto was assigned to CMF's ad-seg, and shall specifically answer plaintiff's question whether it was Esberto's duty or responsibility to "inquire at each and every inmate's cell on CMF's ad-seg for any health problems which may be of concern. . . ."

Plaintiff's motion to compel further answers to Interrogatory Nos. 5,[3] 8, 9, 10, 11, 12, 14, 17, 23, and 24 is denied. (Dkt. No. 40 at 14, 16, 17, 18, 20, 21, & 24-25.) Defendant Esberto cannot be compelled to provide an answer she does not recall.

Plaintiff's motion to compel further answers to Interrogatory Nos. 6, 16 and 19 (dkt. nos. 15, 20 & 22) is denied. These interrogatories ask defendant Esberto to assume facts that are at issue for trial. Plaintiff did not phrase Interrogatory No. 6 in the form of a

---

[3] Interrogatory No. 4 was not included in the motion to compel further responses from defendant Esberto.

hypothetical, but essentially asked defendant Esberto to concede that plaintiff's view of the evidence is correct. This is not a proper interrogatory.

Plaintiff's motion to compel a further answer to Interrogatory No. 7 (dkt. no. 40 at 15) is denied. Defendant Esberto's response was proper; Esberto's use of the term "we" includes defendant Esberto.

Plaintiff's Interrogatory Nos. 13, 15, 20, 21, and 22 (dkt. no. 40 at 19-20, 23-24) were phrased in the form of a "yes" or "no" answer; therefore, plaintiff's motion to require further answers is denied.

In Interrogatory No. 18, plaintiff asked defendant Esberto for the reason she accompanied plaintiff to the B-1 Clinic on July 4, 2007; defendant Esberto responded plaintiff "was complaining of stomach pain." (Dkt. No. 40 at 22.) Plaintiff objects that defendant Esberto's answers to Nos. 12 and 13 were that plaintiff was not in pain. However, review of answers to Nos. 12 and 13 does not reflect such a response. Defendant Esberto's answer to No. 12 was that she had no recollection. In response to No. 13, defendant Esberto did not state that plaintiff did not claim he was in pain. Defendant Esberto's answers to Nos. 13 and 18, when read together, confirm that on July 4, 2007, plaintiff complained of nausea, vomiting, headache and stomach pain. No further answer to No. 18 is required.

Therefore, plaintiff's motion to compel defendant Esberto to provide further answers is partially granted. Within thirty days from the date of this order, defendant Esberto shall provide further answers to Interrogatory Nos. 2 and 3. In all other respects, plaintiff's motion to compel defendant Esberto to provide additional answers is denied.

C. <u>Defendant Echeverria</u>

Plaintiff's motion to compel a further answer to Interrogatory No. 1 (dkt. no. 40 at 25) is granted. Plaintiff's interrogatory used the conjunction "and," requiring defendant to also provide the "assigned posts" he worked on July 1 and 2, 2007. Defendant Echeverria shall further respond to Interrogatory No. 1.

1    As noted above, defendant Echeverria is not required to provide answers he
2 cannot recall or does not know. Therefore, plaintiff's motion to compel further answers to
3 Interrogatory Nos. 3,[4] 6, 9, and 19 (dkt. no. 40 at 25, & 27-28) is denied.

4    Plaintiff's Interrogatory Nos. 8, 12, & 13 (dkt. no. 40 at 27-28) were phrased in
5 the form of a "yes" or "no" answer; therefore, plaintiff's motion to require further answers is
6 denied.

7    Plaintiff's motion to compel a further answer to Interrogatory No. 14 (dkt. no. 40
8 at 28) is denied. Plaintiff asked defendant Echeverria to explain the procedures to determine if
9 an inmate has contracted a food-borne illness while housed in CMF's ad-seg wing. Defendant
10 Echeverria responded that "[a]s a correctional officer, [he] would notify the ad-seg housing unit
11 nurse." (Id.) Plaintiff contends defendant Echeverria's response is "incomplete and evasive for
12 there should be warning signs: vomiting, diarrhea, etc., and observations of these symptoms
13 noted. Clarification is needed." (Id.) Plaintiff's interrogatory did not ask for warning signs. It is
14 not clear from plaintiff's question whether he is seeking information concerning a prison policy
15 governing how prison officials investigate whether an inmate's illness was caused by a food-
16 borne agent, or whether plaintiff was trying to ascertain whether defendant Echeverria, as a
17 correctional officer, was responsible to investigate whether an inmate's illness was caused by a
18 food-borne agent, or whether defendant Echeverria was trained to identify when an inmate has
19 contracted a food-borne illness. Defendant's answer, however, makes clear that defendant
20 Echeverria would notify the ad-seg nurse. No further response is required.

21    Therefore, plaintiff's motion to compel defendant Echeverria to provide further
22 answers is partially granted. Within thirty days from the date of this order, defendant Echeverria
23 shall further respond to Interrogatory No. 1. In all other respects, plaintiff's motion to compel
24 defendant Echeverria to provide further answers is denied.

---

[4] Interrogatory Nos. 2, 4, 5, 10-11, & 15-18 were not included in plaintiff's motion to compel further responses from defendant Echeverria. (Dkt. No. 40 at 25-28.)

### D. Motion for Sanctions

This court finds no basis to impose sanctions. Plaintiff's motion is denied.

### 4. Plaintiff's Motion to Propound Additional Interrogatories

On April 26, 2011, plaintiff filed a motion to propound additional interrogatories. (Dkt. No. 40.) On April 26, 2011, plaintiff filed an addendum to the motion, setting forth additional proposed interrogatories. (Dkt. No. 42.) In total, plaintiff seeks authorization to serve 25 additional interrogatories on defendant Lyons, 20 additional interrogatories on defendant Esberto, and 4 additional interrogatories on defendant Echeverria. (Dkt. No. 40 at 29, 32 & 34.) To date, plaintiff has propounded 25 interrogatories each to defendants Lyons and Esberto. (Dkt. No. 40 at 12 & 25.) Plaintiff propounded 19 interrogatories to defendant Echeverria. (Dkt. No. 40 at 29.) Plaintiff's motion was filed prior to the discovery deadline.

Defendants argue that defendants should not be compelled to respond to interrogatories in excess of the 25 limit because subpoenaed documents served on plaintiff after the filing of plaintiff's motions may provide the information plaintiff seeks. In addition, defendants contend that because the incidents on which plaintiff's claims are based occurred in July of 2007, additional interrogatories concerning what a particular defendant recalls are unlikely to provide substantive responses.

Rule 26(b)(2) governs the court's determination on whether leave will be granted to serve additional interrogatories. Fed. R. Civ. P. 26(b)(2). The court must limit discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

1  Fed. R. Civ. P. 26(b)(2)(C).  The party requesting additional interrogatories bears the burden of
2  demonstrating a need for additional interrogatories.  See Waterbury v. Scribner, 2008 WL
3  2018432 at *8 (E.D. Cal. May 8, 2008) (particularized showing required), citation omitted;
4  Williams v. County of Sacramento Sheriff's Dept., 2007 WL 587237, *2 (E.D. Cal. Feb. 26,
5  2007) (plaintiff bears the burden of establishing need for additional interrogatories and showing
6  information sought is not duplicative).  Pursuant to Fed. R. Civ. P. 33(a), once the moving party
7  has made a particularized showing, the court may grant leave if it is consistent with Fed. R. Civ.
8  P. 26(b)(2).

9        Review of the proposed additional interrogatories demonstrates that plaintiff
10  attempts to clarify or supplement prior responses to interrogatories, as well as to inquire into new
11  areas concerning plaintiff's heat-related claims, and whether a defendant has been accused of
12  similar allegations in the past.  However, some of the interrogatories attempt to gain further
13  information in the face of a defendant's prior answer that he or she does not recall.  For example,
14  the proposed additional Interrogatory Nos. 1 - 3 directed to defendant Lyons are based on Lyons'
15  phone call to his supervisor, which defendant Lyons has already responded he cannot recall the
16  supervisor's response.  (Dkt. No. 40 at 10 [Interrogatory No. 18].)  The proposed additional
17  Interrogatory Nos. 3 - 5 directed to defendant Esberto are based on plaintiff's statements to
18  defendant Esberto on July 3, 2007, which defendant Esberto previously answered she has no
19  current recollection.  (Dkt. No. 40 at 16 [Interrogatory No. 8].)

20        Plaintiff's proposed additional Interrogatory No. 13 was previously answered by
21  defendant Lyons' response to Interrogatory No. 5.  (Dkt. No. 40 at 5.)  Moreover, as argued by
22  defendants, some of the information sought by the proposed additional interrogatories may be
23  found in the documents provided after the motion was filed.

24        Accordingly, the court denies plaintiff's motion to propound additional
25  interrogatories to defendants Lyons and Esberto without prejudice to its renewal upon resolution
26  of plaintiff's motion to compel further document production from the CDCR.  (Dkt. No. 44.)

1  Once the motion is resolved and plaintiff is provided additional documents, if any, plaintiff may
2  renew his motion to propound additional interrogatories to defendants Lyons and Esberto within
3  fourteen days after (a) plaintiff receives the documents, if any, or (b) plaintiff receives any court
4  order denying the motion to compel further production of documents.  Plaintiff is cautioned,
5  however, that he must narrow any proposed additional interrogatories to avoid seeking further
6  answers where a defendant has stated he or she does not recall, and plaintiff may not seek to
7  renew interrogatories that have previously been answered.  Plaintiff is further cautioned that he
8  should avoid seeking leave to ask for information already provided by the documents.  Plaintiff
9  should craft his questions carefully, avoiding questions that require yes or no answers, as well as
10 interrogatories that include multiple questions or subparts.[5]

11          The additional four interrogatories directed to defendant Echeverria do not appear
12 subject to the above concerns, and these proposed interrogatories do not appear to exceed the 25
13 number limit.  Therefore, the court will require defendant Echeverria to answer the additional
14 four interrogatories.  (Dkt. No. 40 at 34-35.)

15          Accordingly, plaintiff's motion to propound additional interrogatories to
16 defendants Lyons and Esberto is denied without prejudice, and is granted as to defendant
17 Echeverria.  Defendant Echeverria shall answer the additional four interrogatories (dkt. no. 40 at
18 34-35) within thirty days from the date of this order.

19                  5.  <u>Motion to Locate Doe Defendant</u>
20          On April 26, 2011, plaintiff filed a motion to obtain the identity of an unidentified
21 defendant, named as John Doe #1, Sergeant 1st Watch, Administrative Segregation I-3 Wing,
22 CMF.  (Dkt. No. 41.)  Plaintiff alleges John Doe #1 was defendant Lyons' supervisor on July 2 -
23 3, 2007.  (Dkt. No. 1 at 6.)  Plaintiff states potentially cognizable claims against defendant John
24 Doe #1 provided plaintiff can identify this defendant by name so the court can obtain service of

---

26      [5] Rule 33 counts each interrogatory and "all discrete subparts."  Fed. R. Civ. P. 33(a).

9

process on this defendant. Plaintiff has attempted to identify this defendant through myriad efforts without success.

Defendants have not responded to plaintiff's motion.

Good cause appearing, plaintiff's motion is partially granted. Counsel for defendants shall obtain the identity of John Doe #1, the Sergeant on 1st Watch, Administrative Segregation I-3 Wing, CMF, between the dates of June 2 and 3, 2007, who supervised defendant Lyons. Counsel for defendants shall take all steps necessary to enlist the assistance from the CDCR to obtain John Doe #1's name and current address so that the court can direct the U.S. Marshal to serve process without further delay. Pursuant to this court's prior order, the United States Marshal "maintain[s] the confidentiality of all information provided by the CDC pursuant to" that order. (Dkt. No. 10.) Therefore, counsel for defendants shall provide the U.S. Marshal with John Doe #1's name and current address; counsel for defendants shall provide the court with John Doe #1's name. Once the court receives defendant John Doe #1's name, the court will direct the U.S. Marshal to execute service of process. In all other respects, plaintiff's motion is denied.

6. Discovery Deadline

As noted above, the discovery deadline expired on May 11, 2011. The court is not extending the discovery deadline at this time. However, the parties are directed to comply with the provisions of this order despite the expiration of the discovery deadline.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 22, 2011 motion to compel (dkt. no. 39) is denied.

2. Within fourteen days from the date of this order, counsel for defendants shall file an opposition or statement of nonopposition to plaintiff's May 3, 2011 motion to compel further production of documents, as supplemented on May 11, 2011. (Dkt. Nos. 44, 46 & 47.)

3. Plaintiff's April 26, 2011 motion to compel further answers to interrogatories is granted in part, as follows:

       A.  Within thirty days from the date of this order, defendant Esberto shall provide further responses to Interrogatory Nos. 2 and 3.

       B.  Within thirty days from the date of this order, defendant Echeverria shall further respond to Interrogatory No. 1.

In all other respects, plaintiff's motion to compel further answers (dkt. no. 40) is denied. Plaintiff's April 26, 2011 motion for sanctions is also denied.

       4.  Plaintiff's April 26, 2011 motion to propound further interrogatories (dkt. no. 40) to defendants Lyons and Esberto is denied without prejudice.  Upon resolution of the May 3, 2011 motion to compel further production of documents, within fourteen days after (a) plaintiff receives the documents, if any, or (b) plaintiff receives any court order denying the motion to compel further production of documents, plaintiff may renew the motion to propound further interrogatories, subject to the limitations set forth above.

       5.  Plaintiff's April 26, 2011 motion to propound additional interrogatories is granted as to defendant Echeverria.  Defendant Echeverria shall answer the additional four interrogatories (dkt. no. 40 at 34-35) within thirty days from the date of this order.

       6.  Plaintiff's April 23, 2011 motion (dkt. no. 41) is partially granted;

       7.  Counsel for defendants shall forthwith take all steps necessary to enlist the assistance from the CDCR to obtain the name and address of John Doe #1, the Sergeant on 1st Watch, Administrative Segregation I-3 Wing, California Medical Facility, between the dates of June 2 and 3, 2007, who supervised defendant Lyons;

       8.  Within twenty-one days from the date of this order, counsel for defendants shall provide the U.S. Marshal with John Doe #1's name and current address;

       9.  Within twenty-one days from the date of this order, counsel for defendants shall provide the court with John Doe #1's name.

////

////

10. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal.

DATED: June 9, 2011

                                               KENDALL J. NEWMAN
                                               UNITED STATES MAGISTRATE JUDGE

heil2721.mtc2