1
2
3
4
5
6
7
8                          IN THE UNITED STATES DISTRICT COURT
9                        FOR THE EASTERN DISTRICT OF CALIFORNIA
10   THOMAS J. HEILMAN,
11              Plaintiff,                    No. 2:09-cv-2721 KJN P
12        vs.
13   T. LYONS, et al.,                        ORDER AND ORDER TO SHOW CAUSE
14              Defendants.                   RE SANCTIONS
15   _____/
16              Plaintiff is a state prisoner proceeding without counsel with a civil rights action
17   pursuant to 42 U.S.C. § 1983.  This case proceeds on plaintiff's original complaint against three
18   employees of the California Department of Corrections and Rehabilitation ("CDCR"), while they
19   were working at the California Medical Facility ("CMF"), based on allegations that defendants
20   were deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth
21   Amendment, while plaintiff was housed in administrative segregation ("Ad Seg") at CMF in
22   2007.  Plaintiff also alleges defendants failed to adhere to the Remedial Heat Plan established
23   under Coleman v. Wilson, 912 F. Supp. 1282 (9th Cir. 1995).
24   I.  Plaintiff's Motion to Compel Subpoenaed Discovery
25              On May 3, 2011, plaintiff filed a motion to compel the CDCR to provide
26   subpoenaed discovery.  On May 11, 2011, plaintiff supplemented the motion.  On June 10, 2011,

                                             1

1   defendants were ordered to file an opposition or statement of nonopposition.  On June 23, 2011,

2   defendants filed an opposition; on July 7, 2011, plaintiff filed a reply.  Plaintiff challenges

3   responses to the first five requests for production of documents, which the court will address in

4   order.

5   REQUEST NO. 1:

6           A copy of the investigation of Plaintiff Heilman's 602 Appeal Log
            No. CMF-07-M-2502, including all reports and interviews with the
7           defendants or witnesses including:  T. Lyons, C/O A Esberto, R.N.
            Mr. Echeverria, C/O Mr. Ramirez, C/O Mr. Jones, C/O (all staff
8           members work in I-3 Ad. Seg. in July 2007), and interviews with
            inmate witnesses residing on I-3 Ad. Seg. Wing in June and July 1-
9           4, 2007.

10  RESPONSE NO. 1:

11          Please see attached documents.  Defendants have properly
            responded to response No. 1 of response to subpoena to produce
12          documents.  As reflected, defendants attached all responsive
            documents to this request.  It appears [plaintiff] is dismayed
13          because interviews were not disclosed.  All documents were
            produced.  If interviews were not produced, that is because they do
14          not exist.

15  (Dkt. No. 44 at 1; 51 at 2.)

16          In his motion to compel, plaintiff challenges defendants' response to this request

17  because no interviews were produced.  However, defendants state they have produced all

18  documents related to this appeal.  Defendants cannot be required to produce documents that do

19  not exist.  Plaintiff's motion to compel further response is denied.

20  REQUEST NO. 2:

21          A copy of J-3 Ad. Seg. wing's CDC Form 114 Log (CMF) for June
            and July 2007.
22
    RESPONSE NO. 2:
23
            Please see attached documents.  As noted, plaintiff has conceded
24          the operative dates were July 1 through July 4 and hereby seeks
            additional documentation that [is] completely irrelevant to the
25          above.  In fact, in plaintiff's motion to compel he has altered his
            request from what he originally requested in the subpoena.
26          Defendants are hereby providing a copy of all of the unit I-3 Ad

2

1          Seg log book[s] from July 1 through July 4.  No other documents
2          are relevant as conceded by plaintiff.

3   (Dkt. No. 44 at 1-2; 51 at 2.)

4          Defendants have now provided plaintiff with a copy of all of the unit I-3 Ad Seg

5   log books from July 1 through July 4, 2007.  Although plaintiff referred back to his original

6   motion, defendants provided a supplemental response.  In his reply, plaintiff failed to identify any

7   specific log book entry that is missing.  Accordingly, plaintiff's motion to compel further

8   response is denied.

9   REQUEST NO. 3:

10         A copy of Plaintiff Heilman's CDC Form 114-A Detention
           Segregation record for June and July 2007.
11

12  RESPONSE NO. 3:

13         Please see attached documents.  Defendants have appropriately
           provided [plaintiff] with any and all documents in their possession
           regarding the above.  Defendants will endeavor to search for
14         additional records to see if there is any that comply with request
           No. 3, however, it is unlikely given that they have provided all
15         documentation as required in item no. 3.

16  (Dkt. No. 44 at 2; 51 at 2.)

17         It does not appear defendants provided a supplemental response to this request.  In

18  the motion, plaintiff stated the response is missing an entry for when plaintiff was returned to ad

19  seg from B-1 clinic on July 4, 2007.  It is unclear whether this information is provided in the ad

20  seg log book produced in response to request no. 2 above.  If the CDC Form 114-A Detention

21  Segregation record produced does not include this information, defendants cannot be required to

22  provide information that is not included on the log.  However, it is not clear whether prison

23  employees simply forgot to enter plaintiff's return to ad seg on plaintiff's CDC 114-A, or

24  whether defendants failed to produce the page that includes the logged entry of plaintiff's return

25  to ad seg on July 4, 2007.  Accordingly, plaintiff's motion to compel further response to request

26  no. 3 is partially granted.  Defendants shall review the CDC 114-A log and determine whether or

3

not there is an entry for plaintiff's July 4, 2007 return to ad seg.  If there is an entry, defendants

shall produce a copy of that entry to plaintiff forthwith.  If there is no entry for plaintiff's return

to ad seg on July 4, 2007, defendants shall provide a statement to plaintiff confirming that

information.

REQUEST NO. 4:

> A copy of any other I-3 Ad. Seg. wing Log book for the dates of
> June and July 2007.

RESPONSE NO. 4:

> Please see attached documents.  Plaintiff is being provided with a
> redacted copy of I-3 Ad. Seg. Log Book.
>
> In item no. 4 plaintiff is requesting other I-3 Ad Seg log books for
> the dates of June and July 2007.  We have made a thorough search
> and cannot locate any additional logbooks, other than the one
> previously produced.

(Dkt. No. 44 at 2; 51 at 3.)

In the motion to compel, plaintiff claims no additional discovery was provided,

and plaintiff seeks production of the "Ad Seg Custody Supervisor's Log" for the dates requested.

(Dkt. No. 44 at 2.)  It appears that ad seg units have at least two logbooks—the "Administrative

Segregation Isolation Logbook," a logbook in which is recorded all persons who enter and exit

Ad Seg, and the CDC 114-A which is the logbook used to record the individual inmate's daily

activities while housed in Ad Seg.  See Castro v. Terhune, 2010 WL 234910 (N.D. Cal. 2010).

Defendants' responses state that plaintiff has been provided documents from the CDC 114-A as

well as the I-3 ad seg logbook.  Defendants have searched and found no other logbooks for this

unit.  Defendants cannot be required to produce documents that do not exist.

It also appears plaintiff objects to the redaction of information contained in the I-3

Ad Seg logbook.  Defendants' response states a redacted copy was provided, but defendants

provided no explanation for why the log was redacted.  Plaintiff avers he is entitled to obtain the

inmate witness names, CDC numbers and I-3 Ad Seg room numbers, ostensibly to seek their

4

1  testimony at trial.  Plaintiff is entitled to discover the identities of witnesses to plaintiff's

2  allegations herein.  Because the record is unclear as to defendants' objections to producing

3  unredacted copies of the I-3 Ad Seg logbook for July 1 through 4, 2007, defendants are directed

4  to provide plaintiff unredacted copies of the I-3 Ad Seg logbook for July 1 through 4, 2007, or, in

5  the alternative, defendants may provide plaintiff with a list of inmates housed in I-3 Ad Seg at the

6  same time as plaintiff from July 1 through 4, 2007, including each inmates' CDC number and I-3

7  Ad Seg room number.  Thus, plaintiff's motion to compel further response to request no. 4 is

8  partially granted.

9  REQUEST NO. 5:

10          A copy of Registered Nurse A. Esberto's medical log or other
           medical staff log books pertaining to Plaintiff Heilman's treatment
11         while housed in the I-3 Ad. Seg. wing for June and July 2007.
           (Please redact any information which may pertain to other patient's
12         information.)

13  RESPONSE NO. 5:

14          Please see attached documents.  Plaintiff requested a copy of Nurse
           Esberto's medical log or other medical staff log books pertaining to
15         Heilman's treatment.  All medical documentation for the
           applicable dates between July 1 and 4 were provided to plaintiff.
16         No other documentation was requested, nor is it relevant.

17  (Dkt. No. 44 at 2; 51 at 3.)

18          Plaintiff argues that defendants' response

19         provided nothing concerning defendant Esberto and was not
           disclosed.  Plaintiff contends that defendant Esberto's personal
20         notes, medical log books or other medical staff log books
           [excluding psych] pertaining to the plaintiff be disclosed including
21         the defendant's required daily room check list or Heat Alert room
           checks, during June-July 2007 for I-3 Ad/Seg Wing.  All
22         documents disclosed were obtained from plaintiff's medical file
           without court order!

23

24  (Dkt. No. 44 at 3.)

25          First, plaintiff waived any privacy objection as to the alleged unauthorized release

26  of his medical records because plaintiff placed his medical condition at issue by filing the instant

1    lawsuit.

2           Second, plaintiff has failed to demonstrate that these notes or "medical logbooks"

3    even exist.  Medical notes or checks by medical professionals are likely documented in plaintiff's

4    medical records rather than in a logbook for privacy reasons and to avoid violating the Health

5    Insurance Portability and Accountability Act of 1996 ("HIPAA").

6           Finally, plaintiff's request for production of documents did not seek a "daily room

7    check list" or "Heat Alert room check."

8           Therefore, plaintiff's motion to compel further response to request no. 5 is denied.

9    II.  Defendants' Counsel's Failure to Comply with June 10, 2011 Order

10          By order filed June 10, 2011, counsel for defendants was directed to "forthwith

11   take all steps necessary to enlist the assistance from the CDCR to obtain the name and address of

12   John Doe #1, the Sergeant on 1st Watch, Administrative Segregation I-3 Wing, California

13   Medical Facility, between the dates of June 2 and 3, 2007, who supervised defendant Lyons."

14   (Dkt. No. 50.)  Within twenty-one days from June 10, 2011, counsel for defendants was directed

15   to provide the U.S. Marshal with John Doe #1's name and current address, and to provide the

16   court with John Doe #1's name.  More than twenty-one days have elapsed since the June 10,

17   2011 order, and counsel has failed to provide the court with John Doe #1's name.  Accordingly,

18   counsel for defendants shall show cause, if any he may have, why sanctions should not be

19   imposed for counsel's failure to comply with this court's June 10, 2011 order.

20          Accordingly, IT IS HEREBY ORDERED that:

21          1.  Plaintiff's May 3, 2011 motion to compel (dkt. no. 44), as supplemented on

22   May 11, 2011 (dkt. no. 46), is granted in part and denied in part, as follows:

23                 A.  As to Request No. 3, defendants shall review the

24                 CDC 114-A log and determine whether or not there is an entry for

25                 plaintiff's July 4, 2007 return to Ad Seg.  If there is an entry,

26                 defendants shall produce a copy of that entry to plaintiff forthwith.

6

If there is no entry for plaintiff's return to Ad Seg on July 4, 2007, defendants shall provide a statement to plaintiff confirming that information.

B. As to Request No. 4, defendants shall provide plaintiff unredacted copies of the I-3 Ad Seg logbook for July 1 through 4, 2007, or, defendants shall provide plaintiff with a list of inmates housed in I-3 Ad Seg at the same time as plaintiff from July 1 through 4, 2007, including each inmates' CDC number and I-3 Ad Seg room number.

C. In all other respects, plaintiff's motion to compel further responses is denied.

Defendants' further responses shall be provided to plaintiff within twenty-one days from the date of this order.

2. Within fourteen days from the date of this order, counsel for defendants shall show cause, if any he may have, why sanction should not be imposed for his failure to comply with this court's June 10, 2011 order.

DATED: July 25, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

heil2721.mtc3

7