IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS J. HEILMAN,

        Plaintiff,                    No. 2:09-cv-2721 KJN P

   vs.

T. LYONS, et al.,                         <u>ORDER</u>

        Defendants.

_____/

        Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. On July 26, 2011, defendants were ordered to show cause for their failure to comply with this court's June 10, 2011 order concerning the identification of John Doe #1 for service of process. On July 29, 2011, defendants responded that John Doe #1 is Sergeant Derrall Sheldon, and the U.S. Marshal has been advised of Sgt. Sheldon's address. (Dkt. No. 57.) Accordingly, the July 26, 2011 order to show cause is discharged. Counsel for the remaining defendants signed the waiver of service of summons form on September 6, 2011, and defendant Sheldon's responsive pleading is due on or before November 2, 2011. (Dkt. No. 69.)

        On August 17, 2011, plaintiff filed a motion to compel. (Dkt. No. 61.) Plaintiff alleges defendants' response to the court's July 26, 2011 order requiring further response to request #4 is insufficient. The court previously addressed plaintiff's motion to compel further

1

response to request #4 as follows:

> REQUEST NO. 4:
>
> > A copy of any other I-3 Ad. Seg. wing Log book for the dates of June and July 2007.
>
> RESPONSE NO. 4:
>
> > Please see attached documents. Plaintiff is being provided with a redacted copy of I-3 Ad. Seg. Log Book.
> >
> > In item no. 4 plaintiff is requesting other I-3 Ad Seg log books for the dates of June and July 2007. We have made a thorough search and cannot locate any additional logbooks, other than the one previously produced.

(Dkt. No. 44 at 2; 51 at 3.)

In the motion to compel, plaintiff claims no additional discovery was provided, and plaintiff seeks production of the "Ad Seg Custody Supervisor's Log" for the dates requested. (Dkt. No. 44 at 2.) It appears that ad seg units have at least two logbooks—the "Administrative Segregation Isolation Logbook," a logbook in which is recorded all persons who enter and exit Ad Seg, and the CDC 114-A which is the logbook used to record the individual inmate's daily activities while housed in Ad Seg. See Castro v. Terhune, 2010 WL 234910 (N.D. Cal. 2010). Defendants' responses state that plaintiff has been provided documents from the CDC 114-A as well as the I-3 ad seg logbook. Defendants have searched and found no other logbooks for this unit. Defendants cannot be required to produce documents that do not exist.

It also appears plaintiff objects to the redaction of information contained in the I-3 Ad Seg logbook. Defendants' response states a redacted copy was provided, but defendants provided no explanation for why the log was redacted. Plaintiff avers he is entitled to obtain the inmate witness names, CDC numbers and I-3 Ad Seg room numbers, ostensibly to seek their testimony at trial. Plaintiff is entitled to discover the identities of witnesses to plaintiff's allegations herein. Because the record is unclear as to defendants' objections to producing unredacted copies of the I-3 Ad Seg logbook for July 1 through 4, 2007, defendants are directed to provide plaintiff unredacted copies of the I-3 Ad Seg logbook for July 1 through 4, 2007, or, in the alternative, defendants may provide plaintiff with a list of inmates housed in I-3 Ad Seg at the same time as plaintiff from July 1 through 4, 2007, including each inmates' CDC number and I-3 Ad Seg room number. Thus, plaintiff's motion to compel further response to

request no. 4 is partially granted.

(Dkt. No. 56 at 4-5.)

In connection with Request No. 4, defendants were ordered as follows:

> As to Request No. 4, defendants shall provide plaintiff unredacted copies of the I-3 Ad Seg logbook for July 1 through 4, 2007, **or,** defendants shall provide plaintiff with a list of inmates housed in I-3 Ad Seg at the same time as plaintiff from July 1 through 4, 2007, including each inmates' CDC number and I-3 Ad Seg room number.

(Dkt. No. 56 at 7 (emphasis added).)

Plaintiff is dissatisfied with defendants' response. However, defendants chose to provide plaintiff with unredacted copies of the I-3 Ad Seg logbook for July 1 through 4, 2007, rather than provide the alternative list. Therefore, defendants' response was not inappropriate, and plaintiff's motion to compel further response is denied.

On August 31, 2011, plaintiff filed a motion to order the CDCR to disclose the whereabouts of inmate witnesses. (Dkt. No. 64.) However, it is unclear from plaintiff's complaint whether any other inmate actually witnessed the incidents alleged herein. Plaintiff was housed in administrative segregation at the time of the incidents alleged herein, and at least part of plaintiff's claims occurred in the middle of the night. (Dkt. No. 1 at 9: 2:00 a.m. on July 3, 2007.) Moreover, both plaintiff and defendants have now filed motions for summary judgment. (Dkt. Nos. 54, 58.) Accordingly, plaintiff's motion regarding inmate witnesses is denied without prejudice to its renewal, if appropriate, once the pending motions for summary judgment are resolved.

Accordingly, IT IS HEREBY ORDERED that:

1. The July 26, 2011 order to show cause (dkt. no. 56) is discharged;

2. Plaintiff's August 17, 2011 motion to compel (dkt. no. 61) is denied; and

////

////

3.  Plaintiff's August 31, 2011 motion regarding inmate witnesses (dkt. no. 64) is denied without prejudice.

DATED:  September 20, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

heil2721.mtc4