1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   THOMAS JOHN HEILMAN,

11            Plaintiff,                    No. 2:09-cv-2721 JAM KJN P

12       vs.

13   T. LYONS, et al.,                      ORDER AND

14            Defendants.                    FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis,

17   with a civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's

18   original complaint filed September 30, 2009, in which plaintiff claims that defendants, all

19   employees at California Medical Facility (CMF) in Vacaville, California, violated his Eighth

20   Amendment rights by acting with deliberate indifference to his serious medical needs.

21          On March 29, 2012, plaintiff filed a motion for an order directing the California

22   Department of Corrections and Rehabilitation ("CDCR") to observe and document the condition

23   of plaintiff's legal materials, and to order CDCR to return plaintiff's other legal papers, law

24   books, and personal property.  (Dkt. No. 91.)

25          On April 4, 2012, defendants filed a response to the order to show cause

26   concerning plaintiff's access to his legal materials.  (Dkt. No 92.)  Defendants note that on March

1

12, 2012, counsel for defendants provided plaintiff with copies of documents filed in the instant action.  On March 28, 2012, staff contacted the litigation coordinator for the R.J. Donovan Correctional Facility ("RJD"), and was informed that the property had not yet been delivered, but they were "making every effort to locate the property and transport it to plaintiff at R.J. Donovan." (Dkt. No. 92 at 2.)  On March 29, 2012, staff followed up with the litigation coordinator, and was informed that on March 23, 2012, Correctional Officer T. Santos attempted to deliver a box of property to plaintiff, but plaintiff refused.  (Id.)  Review of plaintiff's filings reflects that the plaintiff's initial refusal was based on the state of the records.  In subsequent contacts by defendants' counsel's staff with the litigation coordinator, staff was informed that RJD was holding the property box for plaintiff.  (Dkt. No. 92 at 2.)

On April 9, 2012, plaintiff filed a motion for preliminary injunction.  Plaintiff seeks an order commanding the CDCR at CMF and/or RJD to "release plaintiff's legal materials and other personal property to [plaintiff's] possession." (Dkt. No. 93 at 1.)  Plaintiff confirms he accepted a box of legal papers on April 3, 2012, but contends that CMF is withholding plaintiff's legal materials and personal property, allegedly in retaliation for plaintiff filing grievances and civil rights litigation.  (Id. at 2.)  Plaintiff also contends that the records he did receive were "strewn about" and removed from their folders.

Finally, on April 16, 2012, plaintiff filed a request for extension of time to file objections to the pending findings and recommendations.  Plaintiff alleges that the CDCR has returned only 30-50% of plaintiff's legal materials, and in damaged condition.  Plaintiff contends that although defendants' counsel provided plaintiff "most" of the case documents, plaintiff is missing the CMF Emergency Medical Response Plan and defendant Lyons' complete interrogatory responses.  Plaintiff seeks an additional thirty days in which to file objections.

The legal principles applicable to a request for injunctive relief are well established.  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

1  in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

2  injunction is in the public interest.'" <u>Stormans, Inc. v. Selecky</u>, 586 F.3d 1109, 1127 (9th Cir.

3  2009), quoting <u>Winter v. Natural Res. Def. Council, Inc.</u>, 129 S.Ct. 365, 374 (2008).

4  A Ninth Circuit panel has found that post-<u>Winter</u>, this circuit's sliding scale

5  approach or "serious questions" test survives "when applied as part of the four-element <u>Winter</u>

6  test." <u>Alliance for Wild Rockies v. Cottrell</u>, 2011 WL 208360, at *7 (9th Cir. Jan. 25, 2011).

7  "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply

8  towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also

9  shows that there is a likelihood of irreparable injury and that the injunction is in the public

10 interest." <u>Id.</u>  In cases brought by prisoners involving conditions of confinement, any preliminary

11 injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm

12 the court finds requires preliminary relief, and be the least intrusive means necessary to correct

13 the harm." 18 U.S.C. § 3626(a)(2).

14 Initially, the principal purpose of preliminary injunctive relief is to preserve the

15 court's power to render a meaningful decision after a trial on the merits.  <u>See</u> 11A Charles Alan

16 Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u>, § 2947 (2d ed. 2010).  As noted

17 above, in addition to demonstrating that he will suffer irreparable harm if the court fails to grant

18 the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his

19 claim.  <u>Sports Form, Inc. v. United Press International, Inc.</u>, 686 F.2d 750, 754 (9th Cir. 1982)

20 (internal citation omitted).  Implicit in this required showing is that the relief awarded is only

21 temporary and there will be a full hearing on the merits of the claims raised in the injunction

22 when the action is brought to trial.  In addition, as a general rule this court is unable to issue an

23 order against individuals who are not parties to a suit pending before it. <u>Zenith Radio Corp. v.</u>

24 <u>Hazeltine Research, Inc.</u>, 395 U.S. 100 (1969).  Finally, in cases brought by prisoners involving

25 conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no

26 further than necessary to correct the harm the court finds requires preliminary relief, and be the

1   least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

2          It appears that plaintiff was transferred from CMF to RJD, and plaintiff's legal

3   materials were not transported with him.  While some of plaintiff's legal materials were returned,

4   plaintiff has not received all of his legal materials.  However, defendants' counsel provided

5   plaintiff with copies of documents from the instant action.  Plaintiff has identified two documents

6   he did not receive.  Thus, the Clerk of Court is directed to send plaintiff a copy of defendant

7   Lyons' interrogatory responses (dkt. no. 65-2 at 2-8).  It does not appear that the CMF

8   Emergency Medical Response Plan was submitted to the court in briefing on the motion for

9   summary judgment.  Therefore, in an abundance of caution, counsel for defendants is directed to

10  provide plaintiff with a copy of the CMF Emergency Medical Response Plan if the document is

11  in his possession.[1]

12          Plaintiff contends that the materials that he did receive had been "strewn about,"

13  and that some of his legal materials were "deliberately taken from their folders," as confirmed by

14  the Request for Interview exhibit provided by plaintiff.  However, the Request for Interview

15  concerning the mishandled papers, provides a staff response by M. Kohler, dated April 3, 2012,

16  which claims that "it appears [the box] was searched for contraband prior to leaving [CMF]."

17  (Dkt. No. 93 at 5.)

18          As noted above, the instant action is proceeding on plaintiff's Eighth Amendment

19  claims alleging deliberate indifference to plaintiff's serious medical needs.  Because the claims

20  raised in the instant motion are not cognizable as part of the underlying complaint, these claims

21  will not be given a hearing on the merits at trial.  Moreover, plaintiff is required to exhaust his

22  administrative remedies as to any claims that plaintiff's legal materials were delayed or destroyed

23

24          [1] Plaintiff is cautioned that it is not appropriate to raise new evidence in objections to
    findings and recommendations.  A district court "has discretion, but is not required," to consider
25  evidence and claims raised for the first time in the objection to a magistrate judge's report.
    United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000); see also Brown v. Roe, 279 F.3d
26  742, 745 (9th Cir. 2002).

4

based on retaliation for plaintiff's filing of grievances and civil rights litigation.  The Prison

Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o

action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion in

prisoner cases covered by § 1997e(a) is mandatory.  Porter v. Nussle, 534 U.S. 516, 524 (2002).

Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether

they involve general circumstances or particular episodes, and whether they allege excessive

force or some other wrong.  Porter, 534 U.S. at 532.  In other words, plaintiff must first exhaust

his alleged retaliation claims prior to bringing suit in federal court.

        For these reasons, plaintiff's motions for preliminary injunction should be denied.

However, plaintiff's motion for extension of time to file objections is granted.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1.  The March 28, 2012 order to show cause is discharged;

        2.  The Clerk of the Court is directed to send plaintiff a copy of defendant Lyons'

responses to interrogatories, docket no. 65-2, pages 2 through 8;

        3.  Within seven days from the date of this order, counsel for defendants shall

send plaintiff a copy of the CMF emergency medical response plan, if the document is in his

possession; and

        4.  Plaintiff is granted thirty days in which to file objections to the February 3,

2012 findings and recommendations.

        IT IS HEREBY RECOMMENDED that plaintiff's March 29, 2012, and April 9,

2012 motions for injunctive relief (dkt. no. 91 & 93) be denied.

        These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

days after being served with these findings and recommendations, any party may file written

1   objections with the court and serve a copy on all parties.  Such a document should be captioned

2   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

3   objections shall be filed and served within fourteen days after service of the objections.  The

4   parties are advised that failure to file objections within the specified time may waive the right to

5   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

6   DATED:   April 23, 2012

7

8                                                                KENDALL J. NEWMAN

9                                                                UNITED STATES MAGISTRATE JUDGE

10   heil2721.pi

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26