IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS JOHN HEILMAN,

      Plaintiff,                    No. 2:09-cv-2721 JAM KJN P

   vs.

T. LYONS, et al.,

      Defendants.           <u>ORDER</u>

_____/

       On April 23, 2012, plaintiff filed a motion for monetary sanctions against the California Department of Corrections, based on an alleged failure to provide plaintiff his legal materials.  (Dkt. No. 95.)  On April 23, 2012, this court signed an order and findings and recommendations addressing plaintiff's motion for injunctive relief based on the alleged failure to provide plaintiff his legal materials.  (Dkt. No. 96.)  As noted in this court's findings and recommendations, plaintiff must first exhaust his administrative remedies as to any claim that prison officials delayed or denied plaintiff access to his legal materials.  (Dkt. No. 96 at 5.)  In plaintiff's present motion, he claims that his initial administrative appeal has been granted.  Thus, plaintiff is presently exhausting his administrative remedies as to this claim, and may not pursue the claim in federal court until he has exhausted the claim through the third level of review.  Porter v. Nussle, 534 U.S. 516, 524 (2002).

Moreover, in the instant motion, plaintiff claims "the prison has set its own timeline to return plaintiff's legal materials/personal property until June 5, 2012," and references an attached "Modification Order." (Dkt. No. 95 at 3.) However, the Modification Order provided by plaintiff is not signed by a prison official. (Dkt. No. 95 at 5.) Although the form references a "Due Date of June 5, 2012," the form also states:

> Per the First Level Response, the Appellant's property will be placed on the next available transportation to RJD. Please indicate the date that the property was placed on a transport for delivery to RJD.

(Id.) Thus, the Modification Order does not make clear that the property will not be returned until June 5, 2012. Rather, the form, dated April 10, 2012, specifically states that the property is to be placed on the next available transport. (Id.)

By order filed April 26, 2012, plaintiff was granted an additional thirty days in which to file objections to the findings and recommendations. Plaintiff was previously provided copies of documents pertinent to the instant case, and the court ordered that plaintiff be provided with the only other two documents he identified as missing for this case. (Dkt. No. 96.) Thus, plaintiff has not demonstrated his inability to file objections within the extended time frame set forth in this court's order filed April 26, 2012.

Accordingly, IT IS HEREBY ORDERED that plaintiff's April 23, 2012 motion (dkt. no. 95) is denied without prejudice.

DATED: April 30, 2012

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

heil2721.95