1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   THOMAS J. HEILMAN,

11            Plaintiff,                        No. 2:09-cv-2721 JAM KJN P

12        vs.

13   T. LYONS, et al.,

14            Defendants.                       ORDER

15   _____/

16            Plaintiff is a state prisoner, proceeding in forma pauperis and without counsel.

17   On June 15, 2012, the motion for summary judgment filed by defendants Echeverria, Lyons and

18   Esberto was granted.  (Dkt. No. 103.)

19            Recently the Ninth Circuit issued an order requiring that all prisoners proceeding

20   pro se must be provided contemporaneous notice of certain requirements for opposing a motion

21   for summary judgment.  Woods v. Carey, __F.3d __, 2012 WL 2626912,*1, *5 (9th Cir. July 6,

22   2012 ), citing Rand v. Rowland, 154 F.3d 952, (9th Cir. 1998) (en banc); see also Klingele v.

23   Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).  In Woods v. Carey, the Ninth Circuit rejected

24   this district's practice of providing Rand and Wyatt notices at the time the court issues the order

25   directing service on defendants.  The court held that "[t]he failure to provide adequate Rand

26   notice is a ground for reversal unless it is clear from the record that there are no facts that would

1   permit the inmate to prevail." <u>Woods v. Carey</u>, at *6.

2          In the instant action, the court provided the <u>Rand</u> and <u>Wyatt</u> notices at the time it

3   ordered service on defendants (dkt. no. 10), but did not provide the requisite notice at the time

4   defendants filed their motion,[1] and the court ruled in favor of defendants Echeverria, Lyons and

5   Esberto.

6          To comply with <u>Woods v. Carey</u>, the court believes it is required to give plaintiff,

7   if he so chooses, the opportunity to re-open the motion for summary judgment, and present

8   evidence, declarations, or affidavits that were not presented in opposition to the motion.  If

9   plaintiff so requests, the court will set aside its order and the magistrate judge's findings and

10  recommendations on the motion for summary judgment, and allow plaintiff an additional thirty

11  days in which to file a new opposition.

12         In accordance with <u>Woods v. Carey</u>, plaintiff is provided the following <u>Rand</u>

13  notice:

14         Pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), <u>cert.</u>

15  <u>denied</u>, 527 U.S. 1035 (1999), and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988), plaintiff

16  is advised of the following requirements for opposing a motion for summary judgment made by

17  defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Such a motion is a

18  request for an order for judgment in favor of defendants without trial.  A defendant's motion for

19  summary judgment will set forth the facts that the defendants contend are not reasonably subject

20  to dispute and that entitle the defendants to judgment.  To oppose a motion for summary

21  judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of

22  the following ways.  Plaintiff may rely upon statements made under the penalty of perjury in the

23  complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and

24  plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies.

25  _____

26         [1]  The <u>Rand</u> notice was also not provided in defendants' notice of motion for summary
    judgment.  (Dkt. No. 58.)

1   Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that

2   plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must

3   have personal knowledge of the facts stated.  Plaintiff may rely upon written records, but plaintiff

4   must prove that the records are what plaintiff claims they are.  Plaintiff may rely upon all or any

5   part of the transcript of one or more depositions, answers to interrogatories, or admissions

6   obtained in this proceeding.  If plaintiff fails to contradict the defendants' evidence with

7   counteraffidavits or other admissible evidence, the defendants' evidence may be taken as the

8   truth and the defendants' motion for summary judgment granted.  If there is some good reason

9   why such facts are not available to plaintiff when required to oppose a motion for summary

10   judgment, the court will consider a request to postpone considering the defendants' motion.  If

11   plaintiff does not serve and file a written opposition to the motion or a request to postpone

12   consideration of the motion, the court may consider the failure to act as a waiver of opposition to

13   the defendants' motion.  If the defendants' motion for summary judgment, whether opposed or

14   unopposed, is granted on any of plaintiff's claims, judgment will be entered for the defendants

15   without a trial on those claims.

16       In deciding whether to re-open the motion for summary judgment, plaintiff should

17   consider the Rand notice, and decide whether he seeks to re-open the motion.  If plaintiff chooses

18   to re-open the motion for summary judgment, a further briefing order will issue.

19       In addition, on July 27, 2012, remaining defendant Sheldon filed a motion for

20   summary judgment; the notice accompanying this motion contained the Rand notice.  (Dkt. No.

21   106.)  Plaintiff is advised, however, that the above Rand notice also applies to defendant

22   Sheldon's motion for summary judgment.

23       Therefore, IT IS HEREBY ORDERED that within thirty days from the date of

24   this order, plaintiff shall file the attached notice of election form indicating whether he wishes to

25   re-open the motion for summary judgment filed by defendants Echeverria, Lyons and Esberto.

26   ////

1    Failure to timely respond to this order shall be deemed plaintiff's waiver to the defects in the

2    timing of the notice of the motion for summary judgment, and this case will proceed accordingly.

3    DATED: August 13, 2012

4

5                                             /s/ John A. Mendez

6                                             UNITED STATES DISTRICT COURT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   THOMAS J. HEILMAN,

11            Plaintiff,              No. 2:09-cv-2721 JAM KJN P

12      vs.

13   T. LYONS, et al.,

14            Defendants.             NOTICE OF ELECTION

15   _____/

16        Plaintiff hereby responds to the court's order concerning Woods v. Carey, ___F.3d ___,

17   2012 WL 2626912,*1, *5 (9th Cir. July 6, 2012 ), as follows:

18        _____   Plaintiff wants to reopen the August 4, 2011 motion for summary
              judgment.
19
          _____   Plaintiff waives the Woods v. Carey notice required for the August
20            4, 2011 motion for summary judgment, and asks that this case
              proceed accordingly.
21
     DATED:
22

23

24                    _____
                      Plaintiff
25

26