IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS J. HEILMAN,

        Plaintiff,                    No. 2:09-cv-2721 JAM KJN P

   vs.

T. LYONS, et al,

        Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel. On September 10, 2012, plaintiff advised the court that he wished to reopen the August 4, 2011 motion for summary judgment in light of <u>Woods v. Carey</u>, 684 F.3d 934, 935 (9th Cir. 2012). Defendant Sheldon's July 27, 2012 motion for summary judgment is presently pending. Defendant Sheldon is represented by the same counsel who represented defendants Echeverria, Lyons, and Esberto, in connection with the August 4, 2011 motion.

        In light of <u>Woods</u>, the February 3, 2012 findings and recommendations and the June 15, 2012 order are vacated, in part, only as to the rulings on defendants' August 4, 2011 motion for summary judgment. Defendants' August 4, 2011 motion for summary judgment, and defendant Sheldon's July 27, 2012 motion for summary judgment are denied without prejudice to renewal. Defendants shall re-file one motion for summary judgment as to all defendants within

1

thirty days from the date of this order. Defendants must contemporaneously serve with the motion, but in a separate document, a copy of the attached notice. See Woods, 684 F.3d at 935; Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). Briefing on the motion is governed by Local Rule 230(l).

        Accordingly, IT IS HEREBY ORDERED that:

        1. The February 3, 2012 findings and recommendations and the June 15, 2012 order (dkt. nos. 81, 103) are vacated, in part, only as to the rulings on defendants' August 4, 2011 motion for summary judgment;

        2. Defendants' August 4, 2011 motion for summary judgment (dkt. no. 58), and defendant Sheldon's July 27, 2012 motion for summary judgment (dkt. no. 106) are denied without prejudice; and

        3. Within thirty days from the date of this order, defendants shall re-file one motion for summary judgment as to all defendants, accompanied by the attached notice.

DATED: October 10, 2012

        /s/ John A. Mendez
        UNITED STATES DISTRICT COURT JUDGE

Rand Notice[1]

The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. See L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion. The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(l).

If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

---

[1] This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998).