IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS J. HEILMAN,

    Plaintiff,                  No. 2:09-cv-2721 JAM KJN P

  vs.

T. LYONS, et al.,

    Defendants.             ORDER

_____/

        On January 14, 2013, plaintiff filed a request to postpone considering the defendants' motion for summary judgment and reopen discovery, or, in the alternative, a second request for an extension of time to file an opposition to defendants' renewed motion for summary judgment. Plaintiff contends he needs more time to acquire the identities of inmate witnesses housed in administrative segregation with plaintiff, who could provide affidavits or declarations setting forth the facts that prove plaintiff's claims of deliberate indifference to plaintiff's serious medical needs. (Dkt. No. 115 at 2.)

        Defendants oppose plaintiff's request to oppose the motion, and object to plaintiff's belated discovery request based on the delays and warnings in this case, as well as plaintiff's pro se litigation history in this court since 2008.

////

1

Background

Plaintiff filed this action on September 30, 2009, alleging deliberate indifference to his serious medical needs from July 1 to 4, 2007. In the May 20, 2010 order, plaintiff was advised of the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, and Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc). (Dkt. No. 10 at 4.) On October 28, 2010, the court issued its first scheduling order. (Dkt. No. 17.) On February 24, 2011, the court extended the discovery deadline for a limited purpose. (Dkt. No. 29 at 2-3.) Plaintiff was cautioned that he should review discovery responses "immediately and proceed with haste to resolve any remaining discovery disputes prior to the new discovery deadline. This court is not inclined to extend the discovery deadline any further." (Dkt. No. 29 at 3.) The discovery deadline was continued to May 11, 2011. (Dkt. No. 29 at 4.) Additional discovery disputes were resolved by orders filed March 30, 2011, June 10, 2011, and September 21, 2011. (Dkt. Nos. 35, 50 & 70.) In the September 21, 2011 order, the court stated:

> it is unclear from plaintiff's complaint whether any other inmate actually witnessed the incidents alleged herein. Plaintiff was housed in administrative segregation at the time of the incidents alleged herein, and at least part of plaintiff's claims occurred in the middle of the night. (Dkt. No. 1 at 9: 2:00 a.m. on July 3, 2007.)

(Dkt. No. 70 at 3.)

On February 8, 2012, the court issued a revised scheduling order in light of the answer filed by defendant Sheldon, and set a new discovery deadline of June 8, 2012, and pretrial motion deadline of August 8, 2012, as to defendant Sheldon. (Dkt. No. 83.) Plaintiff filed no discovery motions from February 8, 2012, to June 8, 2012.

On June 15, 2012, the motion for summary judgment filed by defendants Echeverria, Lyons, and Esberto was granted. (Dkt. No. 103.) On August 14, 2012, plaintiff was provided Rand notice pursuant to Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012), and given an opportunity to re-open the motion for summary judgment. (Dkt. No. 107.) On September 10, 2012, plaintiff elected to reopen the motion. (Dkt. No. 109.) On October 10, 2012, the district

court vacated in part the June 15, 2012 ruling, denied defendant Sheldon's subsequent motion for summary judgment without prejudice, and required defendants to re-file one motion for summary judgment as to all defendants (dkt. no. 110), which was filed on November 8, 2012 (dkt. no. 111). Plaintiff was provided contemporaneous <u>Rand</u> notice on November 8, 2012. (Dkt. No. 112.) On December 18, 2012, plaintiff was granted an additional thirty days in which to oppose the motion.

<u>Plaintiff's Pro Se Litigation History</u>

Defendants also contend that further accommodation for plaintiff's pro se status is unwarranted based on his pro se federal litigation since 2008, which defendants argue suggests plaintiff is experienced in federal procedure.

Court records reflect plaintiff is listed as plaintiff in the following civil rights cases filed since 2008:

| Title | Case Number | Filed |
|---|---|---|
| Heilman v. Knowles | 2:08-cv-00658 | 03/26/08 |
| Heilman v. Knowles | 2:08-cv-01593 | 07/10/08 |
| Heilman v. Fry | 2:08-cv-02478 | 10/20/08 |
| Heilman v. Vojkufka | 2:08-cv-02788 | 11/20/08 |
| Heilman v. Fisher | 2:09-cv-00197 | 01/22/09 |
| Heilman, et al v. Cate | 2:10-cv-00828 | 04/07/10 |
| Heilman v. Sanchez | 2:10-cv-01120 | 05/06/10 |
| Heilman v. Cherniss | 2:11-cv-00042 | 01/05/11 |
| Heilman, et al v. Thumser | 2:11-cv-01907 | 07/20/11 |
| Heilman v. CDCR | 2:11-cv-03452 | 12/28/11 |
| Heilman v. Wasko | 2:12-cv-01966 | 07/26/12 |

////

////

Standards

A schedule may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). In addition, Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Analysis

The instant record reflects plaintiff has had multiple opportunities to discover the identifies of percipient witnesses, if any. In his verified request to postpone, plaintiff failed to identify a particular witness or specific testimony such a witness would offer. Moreover, plaintiff was housed in administrative segregation in July of 2007, and alleges no facts suggesting the possibility that another inmate may have witnessed the events at issue here. As noted above, at least part of plaintiff's claims occurred in the middle of the night. (Dkt. No. 1 at 9: 2:00 a.m. on July 3, 2007.) Moreover, given the passage of time, it is unlikely another inmate would recall events surrounding plaintiff's stomach flu symptoms or staffs' responses.

Based on the record in this case, the court cannot find that plaintiff has demonstrated good cause to reopen discovery at this late stage of the proceedings, or diligence in his efforts to obtain the discovery sought.[1]  Moreover, court records reflect that plaintiff is a

---

[1] In his request, plaintiff claims that defense counsel only disclosed one-half of the log book pages granted by the court on subpoena duces tecum. (Dkt. No. 115 at 2.) Plaintiff provided no details as to the date of the subpoena, the date of defendants' response, or the date of any pertinent court order related thereto. The court ordered the U.S. Marshal to serve a subpoena duces tecum on

4

seasoned pro se litigator in this court and, as argued by defendants, has already been provided wide latitude in this case.  Therefore, plaintiff's request to postpone consideration of the pending motion for summary judgment, and to reopen discovery, is denied.

Despite defendants' objections to granting plaintiff additional time to file an opposition to the pending motion, the court grants plaintiff one final extension of time.  No further extensions of time will be granted.

IT IS HEREBY ORDERED that:

1. Plaintiff's January 14, 2013 request to postpone the pending motion for summary judgment and to reopen discovery (dkt. no. 115) is denied;

2. Plaintiff's alternative request for an extension of time (dkt. no. 115) is granted; and

3. Plaintiff is granted twenty-one days from the date of this order in which to file an opposition to the motion for summary judgment.  No further extensions of time will be granted.

DATED: January 29, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

heil2721.36sec

---

March 23, 2011. (Dkt. No. 33.)  If the response to the subpoena duces tecum was insufficient, plaintiff failed to timely bring a motion to compel further response.  In the instant request, plaintiff failed to explain his delay in raising it now, almost two years later.